By the Court.

We are satisfied that in this case the admission by the judge of the paroi evidence was right. Runnels, being justly indebted to Dillingham, made the contract declared on, to induce the plaintiff to take J. P.’s note towards the payment of the debt. It is very immaterial what was the origin of the debt due to the plaintiff, if it was a just debt, whether it accrued from the plaintiff’s having therefor sold land to the defendant, or from any other lawful consideration. The defendant’s promise cannot be considered within the statute of frauds, because the contract, on which he is charged, is not on the consideration of the sale of lands, or of any interest therein, but to pay a precedent existing debt.
As the Court were about entering judgment according to the verdict, the defendant’s counsel took an exception to the declaration, that it did not allege the discount to have been made by the plaintiff, which formed the consideration of the defendant’s promise and undertaking. The verdict was then set aside by consent, and the defendant was afterwards defaulted on terms as to the costs.