## BUNNEL *against* TAINTOR's administrator.

Where the declaration stated an agreement to become interested in the profits arising from the purchase and sale of certain tracts of land, which *had been previously purchased,* and the evidence was of an agreement to become interested in the profits arising from the purchase and sale of certain tracts of land *to be purchased and sold ;* it was held, that there was a material variance.

Where *A.* and *B.* entered into a parol agreement, by virtue of which they were to be jointly interested in the profits arising from the purchase and sale of certain tracts of land ; *A.* was to make the bargain for the purchase, and render all necessary services for that purpose ; and *B.* was to furnish the purchase money, and take and execute deeds in his own name ; it was held, in an action brought by *A.* against *B.* for a moiety of the profits so made, that the case was not within the statute of frauds and perjuries.

But if such agreement was made more than three years before the commencement of the action, and there has been no admission of it by the defendant, within that time, the plaintiff will be precluded from a recovery, by the statute of limitations.

Where the deposition of *E.* having been reduced to writing, by some person unknown, was put into *E.'s* hands to be transcribed ; and *E.* applied to *T.* to transcribe it, assigning as a reason, that " the deposition must not be in the hand-writing of the plaintiff, or his attorney ;" after which, it was transcribed by *T.*, and offered in evidence by the plaintiff; it was held, on an objection to the deposition, that the declaration of *E.* was admissible in support of such objection, and the deposition was rejected.

This was an action of account, founded on an express agreement, made between the plaintiff and *Taintor,* in *March,* 1810, by virtue of which, as the declaration alleged, they became jointly interested in all the profits, which might or should be made on the purchase and sale of sundry large tracts of land, which had been previously purchased of *Dow Smith* and others, through the plaintiff's agency.

The cause was tried at *New-Haven, August* term, 1822, before *Peters,* J.

New-Haven,
July,
1823.

Bunnel
v.
Taintor.

On the trial, the plaintiff offered to prove, by the deposition of *Dow Smith* and *Luama Welton*, and by other parol testimony, that on or about the 1st of *March,* 1810, it was mutually agreed between *Taintor* and the plaintiff, that they would be equally interested in the profits arising from the purchase and sale of certain tracts of land, which were to be purchased of *Dow Smith* and others, and to be sold as soon as convenient, for their joint benefit; that in making such purchase, the plaintiff was to make the bargain, and render all necessary services for that purpose; that the deeds should be taken to *Taintor* alone, and be executed by him, when sales should be made; that *Taintor* should furnish the money, which might be required in making the purchases; that in pursuance of this agreement, sundry purchases were in fact made, of *Dow Smith* and others, of land, to the amount of about 2000 dollars, by the agency and services of the plaintiff; that soon afterwards, the plaintiff found purchasers for all such land, and sales thereof were made, on the joint account of the plaintiff and *Taintor,* for about 2600 dollars, producing a gain of 600 dollars; that it was agreed between the plaintiff and *Taintor,* that in the profits so gained, they were equally interested; and that *Taintor,* during his life-time, often admitted and declared, that the sum of 600 dollars had been made by the purchase and sale of said land, and that the plaintiff was equally interested with him therein. The conveyances of the land to and from *Taintor,* the plaintiff proved, by proper deeds, legally executed and recorded. To the admission of the parol evidence, above stated, the defendant objected; and the judge decided, that such parol evidence was not admissible.

The plaintiff then offered the deposition of one *Samuel Elwell,* taken at *New-Haven,* the adverse party being duly notified and present; which deposition was in the hand-writing of *Charles A. Townsend.* The defendant objected to its admission; and to support his objection, called *Townsend,* who testified, that *Elwell* called on him, and requested him to copy a deposition for him, and produced a deposition, written by some person to him unknown, from which he copied the deposition offered in evidence; and that when *Elwell* asked him to make such copy, he asked the reason, and *Elwell* said " it must not be in the hand-writing of the plaintiff, or his attorney." The plaintiff objected to the testimony of *Townsend,* so far as it related to what *Elwell* told him as the reason for

HARVARD LAW LIBRARY

*New-Haven,*
*July,*
*1823.*

Bunnel
*v.*
Taintor.

asking him to write his deposition. The judge decided, that the declarations of *Elwell* might be proved; and that his deposition was not admissible, and accordingly rejected it.

A verdict being given for the defendant, the plaintiff moved for a new trial, on the ground that the decisions of the judge, rejecting the evidence offered by the plaintiff, were incorrect.

*Staples* and *Hitchcock,* in support of the motion, contended, 1. That the agreement between the plaintiff and *Taintor,* was not within the statute of frauds and perjuries. This appears, first, from the nature of the contract. The parties to it did not stand in the relation of vendor and vendee. No title to, or interest in land, was to be transferred from one to the other. The land was to be bought and sold pursuant to the statute; and the conveyances were, in fact, made, by proper deeds, legally executed and recorded. The object of the agreement was *profits;* an object entirely collateral to the transfer of title to land, or any interest therein. *Bostwick* v. *Leach,* 3 *Day* 476. *Boyd's* lessee v. *Graves* & al. 4 *Wheat.* 513. *Ebert* v. *Wood,* 1 *Binn.* 216. 1 *Swift's Dig.* 260. *Poulter* v. *Killingbeck,* 1 *Bos.* & *Pul.* 397. The sale of growing crops, is not within the statute. *Whipple* v. *Foot,* 2 *Johns. Rep.* 418. *Stewart* v. *Doughty* & al. 9 *Johns. Rep.* 108. 112. *Penhallow* v. *Dwight,* 7 *Mass. Rep.* 34. *Parker* v. *Staniland,* 11 *East* 362. *Warwick* v. *Bruce,* 2 *Mau.* & *Selw.* 205. A promise to pay for the improvements made on land, is not within the statute. *Frear* v. *Hardenbergh,* 5 *Johns. Rep.* 272. Nor is a promise to pay for the use and occupation of land within the statute. *Rogers* v. *Tracy,* 1 *Root* 233. *Wells* v. *Deming,* 2 *Root* 149. *Gunn* v. *Scovil,* 4 *Day* 228. *Elliott,* exr. v. *Rogers,* 4 *Esp. Rep.* 59. Secondly, the case was not within the statute, because the contract was executed, the land bought and sold, and the money received. *Griffith* v. *Young,* 12 *East* 513. *Inman* v. *Stamp,* 1 *Stark.* 12. *Holby* v. *Roebuck,* & al. 7 *Taun.* 157.

2. That *Townsend's* testimony ought to have been rejected; first, as being within the rule excluding hearsay evidence. This was *Townsend's* hearsay of *Elwell's* hearsay. Secondly, the testimony was irrelevant, as it did not shew the fact, that the deposition was in the hand-writing of the party, or his attorney.

*Daggett* and *Wales*, contra, contended, 1. That the parol evidence, offered by the plaintiff, in support of his declaration, was correctly rejected, on account of the variance between such evidence and the declaration. The declaration stated an agreement to be interested in the profits on the purchase and sale of land, which *had been previously* purchased : the evidence was, of an agreement, to be interested in the profits on the purchase and sale of land, *to be thereafter* purchased and sold.

2. That such evidence was correctly rejected, as being within the statute of frauds and perjuries. The provisions of that statute are not confined to *legal transfers of title* to lands, but extend to " *any interest in or concerning* them," equitable as well as legal. By virtue of the agreement in question, if it be valid, *Bunnel* acquired an equitable interest in the lands purchased, equal to one half the surplus value beyond the purchase money. Indeed, the very *title* to these lands might be affected by the agreement ; as a court of chancery would compel a sale conformably to the agreement. Suppose *Taintor* had been in possession fifteen years, receiving the rents and profits ; upon the principle contended for, by the plaintiff's counsel, *Bunnel* might come in, upon parol evidence, and recover a moiety of the rents and profits, thereby defeating *Taintor's* title to the land, and establishing an interest in himself. In the next place, there has been no execution or part performance of the agreement, by the plaintiff, that will take the case out of the statute. To have this effect, the acts relied on must be such as usually accompany and follow a transfer of title ; and which, therefore, go to prove the contract set up. They must be such, also, as render the plaintiff remediless, unless the specific agreement be enforced. In this case, the plaintiff has paid nothing ; and he has done nothing evincive of the agreement claimed ; nor is he remediless, because, if he has rendered services, he may recover the value of them on a *quantum meruit*.

3. That parol evidence was inadmissible to prove the contract declared on, because it was made more than three years before the commencement of the action. The contract was made in *March*, 1810 : the action was brought ten years afterwards. There is nothing to deliver the case from the operation of the statute. *Tit.* 75. *s.* 2. *p.* 354. ed. 1808.

4. That *Townsend's* testimony was not mere hearsay, but shewed the *conduct* of the agent of the party, in relation to

the taking of the deposition.   What *Elwell* said, at that time, was a part of the *res gesta.*

HOSMER, Ch. J.   The declaration avers, that the plaintiff and the said *Taintor*, on or about the 1st of *March*, 1810, became jointly interested in all the profits which might or should be made, on the purchase and sale of sundry large tracts of land, which *had been previously purchased* of *Dow Smith* and others, through the plaintiff's agency.   The evidence, in support of this allegation, was a contract made between the parties, on or about the 1st of *March*, in the preceding year, to become equally interested in the profits which might arise from the purchase and sale of certain lands *to be purchased* of *Dow Smith* and others, and the sale of them, for their joint benefit.   Between the averment and proof, there exists a material variance; the former importing an agreement to become interested in the profits of certain lands already purchased, and the latter, to share in the benefits to be derived from the purchase of lands in future.

The deposition of *Elwell* was correctly adjudged to be inadmissible.   It had been committed to writing, by some person unknown, and was put into *Elwell's* hands, to procure it transcribed.   He applied to *Charles A. Townsend*, requesting him to copy the writing, and the reason of the request being asked, said, "the deposition must not be in the hand-writing of the plaintiff, or his attorney."   Accordingly, it was transcribed by *Townsend*, and became the deposition which was offered in evidence.   The transaction, on the face of it, gives rise to a just inference, that the original manuscript was in the hand-writing of the party, or his agent; and from this it can be rescued only by shewing, either, who the writer was, or the necessity of its transcription.   The words of *Elwell*, if admissible, leave no reasonable doubt, that the original writing was under the hand of the plaintiff, or his attorney.   That the testimony was rightly rejected, I have not been able to bring my mind to question.   *Elwell*, it is perfectly clear, was the agent of the plaintiff, either directly, or by the appointment of his attorney, to procure the writing transcribed; and acting in that character, when he applied to *Townsend*, the expression of the reason for making the copy in question, was a part of the *res gesta*, and as much within his agency, as the delivery of the paper to *Townsend*, or the communication of the plaintiff's request.   On a subject of

*New-Haven*
July,
1823.

Bunnel
*v.*
Taintor.

this nature, the court ought to be astute in ascertaining that the party is not making testimony for himself.

The case, in my judgment, is not within the statute of frauds and perjuries. The agreement between the parties was not " upon any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them;" nor did it contemplate any transfer of land, or any interest in land ; (*Bostwick* v. *Leach*, 3 *Day* 476.) nor any thing annexed to the realty, as part and parcel of it, which was, by law, alone transferable by a deed. But the object of the contract was *profits*, as a compensation for services rendered, and that the purchase and sale of land should be made by *Taintor*, as in fact it was, through the plaintiff's agency. The case may, not inaptly, be considered as a species of co-partnership, the fund on the plaintiff's part consisting of services, and of property on the part of the defendant, of which he had a title legally evinced ; the sale of which property, by the defendant's deed, if it resulted in profit, was to constitute personal estate, divisible between the parties. I deem it quite unnecessary to pursue the subject further ; as the provisions of the statute, most obviously, have not any bearing on the question, and as my opinion on the remaining consideration in the case, renders this merely a point of speculation.

By the statute of limitations, (*p.* 354. ed. 1808.) " No suit in law or equity shall be brought or maintained upon any contract or agreement, that shall hereafter be made, and not reduced to writing as aforesaid, but within three years next after entering into or making the same, or on any such contract or agreement heretofore made, but within three years next after a right of action thereon shall accrue." The contract between the parties, was entered into long subsequent to the making of this law ; and therefore falls within the first provision of the recited clause. From the motion, it appears, that the agreement between the parties was by parol, and made as far back as the year 1810 ; and this time is fully confirmed, by the depositions of *Dow Smith* and *Luama Welton*, which make a part of it. All the parol testimony was objected to, as being inadmissible ; and the judge ruled it out, without having specified any ground for its exclusion. The motion cannot be explained *ore tenus*, nor corrected in any other manner than according to the salutary and neces-

HARVARD LAW LIBRARY

New-Haven,
July,
1823.

Bunnel
v.
Taintor.

sary rule of the Court. (a)  For aught that I can discern, the objection founded on the statute of limitations, was the ground, or at least one of the exceptions, on which the judge made his decision.  Undoubtedly, we do not sit here to review cases on the basis of principles unthought of at the trial, and which, had they been mentioned, might have received some legal counteraction.  But, if an objection is presented before us, in the most general form, the Court cannot discriminate, for want of the means of discrimination, and must examine it, by every consideration, of which it is susceptible.  This necessary procedure involves no hardship; as either party may always procure to be placed on the motion for new trial, the precise ground or grounds of determination.

The promise, on which the plaintiff has founded his action, was made more than ten years anterior to the commencement of the suit; and on examining the motion and depositions with the view of ascertaining whether any admission of the contract had been made within three years before the bringing of the action, I do not find, that any such fact ever existed.  The case consists entirely of a parol promise, made many years ago, and of admissions at some period since; but that they were within three years before the suit was commenced, there is not the least foundation to affirm.  The objection to the evidence was, of consequence, well taken, and the decision of the judge unexceptionable. This, necessarily, makes an end of the case.

PETERS, J. was of opinion, that the case was within the statute of frauds and perjuries; as the plaintiff, by virtue of the agreement, would derive a benefit by and through land. On the other points he concurred.

CHAPMAN, J. concurred on all the points, except as to the statute of limitations, which, he said, the court would never take notice of, unless pleaded, or specially insisted on. If the defendant intended to avail himself of this objection,

(a)  The rule referred to is a practical one, not in print, nor reduced to writing, within my knowledge, requiring, That no amendment of a motion for new trial, reserved for argument before all the Judges, be made, except by the Judge who tried the cause, from his minutes, on application made to him, at his chambers, for that purpose.  *Rep.*

he ought to have made it at the trial, and had it placed upon the motion.

BRAINARD and BRISTOL, Js. concurred on all the points.

New trial not to be granted.