## HALL *vs.* HALL.

A verbal promise by the vendee, as part of the consideration for the conveyance of a tract of land, that he will pay the vendor whatever he may receive over a certain sum upon a re-sale of the land, is valid, and the money may be recovered in an action of assumpsit, notwithstanding the deed contains an acknowledgment that the consideration has been paid.

ASSUMPSIT for land sold and conveyed, and money had and received.

After a verdict for the plaintiff, in the common pleas, the defendant's counsel moved to set it aside, upon the following case.

On the third of December, 1828, the plaintiff was indebted to one Noah Burnham, in the sum of $215, to secure which Burnham had a deed of certain land from the plaintiff ; and on that day the plaintiff made a contract with the defendant to pay the debt, and take from the plaintiff a conveyance of said land. The defendant at that time assumed the debt due to Burnham, who released to the plaintiff, and

the plaintiff conveyed to the defendant. The consideration expressed in the deed was $211 63.

It did not appear that any price of the land was fixed by the parties, at the time of the conveyance, further than appears from the consideration expressed in the deed. There was evidence tending to show that the defendant, at the time of the transfer, agreed that he would sell the land and take his pay for what he was to pay Burnham, and the plaintiff should have the rest, but there was no contract or promise in writing between the parties. The defendant afterwards paid his debt to Burnham, and sold the land for a greater sum.

The counsel for the defendant objected to the admission of the foregoing testimony, on the ground that it went to prove a trust ; but it was admitted, and the court instructed the jury that if they were satisfied there was no fixed price for the land agreed between the parties, but the understanding was that the defendant was to account with the plaintiff for what the land might be worth beyond the Burnham debt, and the defendant had not accounted for what he had received, the plaintiff was entitled to recover.

*Sullivan*, and *Pillsbury*, for the defendant, cited 1 *Johns. Rep.* 139, *Schemerhorn* vs. *Vanderheyden ; ditto* 414, *Mumford* vs. *McPherson ;* 3 *Johns.* 506, *Howes* vs. *Barker ;* 2 *W. Black.* 1249, *Preston* vs. *Merceau ;* 7 *Johns.* 341, *Maigley* vs. *Hauer ;* 1 *Chitty's Com. Law* 118 ; 13 *Mass. Rep.* 443, *Flint* vs. *Sheldon ;* 16 *Mass.* 221, *Barrell* vs. *Joy ;* 6 *Pick.* 517, *Griswold* vs. *Messenger ;* 11 *Mass.* 342, *Boyd* vs. *Stone ;* 4 *N. H. Rep.* 401, *Pritchard* vs. *Brown ;* 1 *Greenleaf* 1, *Steele* vs. *Adams ;* 13 *Johns.* 350, *Penfield* vs. *Carpender ;* 15 *Johns.* 239, *Irvine* vs. *Cook ;* 10 *Johns.* 128, *Haswell* vs. *Bussing.*

*Bell*, and *H. F. French*, for the plaintiff, cited 4 *Kent's Com.* 303 ; 4 *N. H. Rep.* 229, *Morse* vs. *Shattuck ;* 14 *Johns. Rep.* 210, *Shepherd* vs. *Little.*

PARKER, J. Evidence of the nature of that offered in this case could not be received to show that the defendant held the land in trust for the plaintiff, or to make him liable for not reconveying it to the plaintiff, upon an agreement that he would do so on the repayment of the amount paid to Burnham. It would be an attempt to vary and control the written contract, contained in the deed, by oral testimony.

The evidence in this case was not offered for such a purpose. It is not denied on the part of the plaintiff that on the execution of the deed the defendant became the absolute owner of the premises; and he makes no attempt to defeat that conveyance, or to show that it was on any condition which gives him any right so to do. But the plaintiff alleges that he has not received the full amount to which he is entitled by the terms of the contract, in payment of the land. His case is, that the amount paid to Burnham in redemption of the premises was not in fact the full consideration that the defendant was to pay, but that by the agreement of the parties, if the defendant should afterwards sell the land for more than that sum, he was to pay the plaintiff what he received beyond that amount; or in other words, that he was in such case to pay the plaintiff a further sum for the land to that amount. To this we see no legal objection. It is settled that the acknowledgment of the payment of the consideration contained in a deed, is a mere receipt, which may be contradicted, not for the purpose of defeating the deed, but for the purpose of recovering the money due. 4 *N. H. Rep.* 229, *Morse* vs. *Shattuck;* ditto 397, *Pritchard* vs. *Brown;* 17 *Mass.* 249, *Wilkinson* vs. *Scott;* 14 *Johns.* 210, *Shepherd* vs. *Little.*—*Steele* vs. *Adams,* 1 *Green.* 1, in which a different doctrine was held, has been doubted by the court which made the decision. 6 *Green.* 370, *Schillinger* vs. *McCann;* 7 *Green.* 177, *Tyler* vs. *Carleton.*

The case, *Griswold* vs. *Messenger,* 6 *Pick.* 517, is different from this. It was there held that where land was con-

veyed by a deed stating the consideration to be a sum of money received by the grantor, and the grantor afterwards brought an action to recover the value of the land, parol evidence that the actual consideration was a promise to convey to a third person, and that the grantee had refused to make such conveyance, was inadmissible. The reasoning of the court is not given, but there may perhaps be good grounds for holding that the grantor had not, in such case, an election to treat his grantee as a purchaser, on his refusal to convey to the person for whom the land was intended. However that may be, it is not supposed that this case was intended to overrule that of *Wilkinson* vs. *Scott*.

Nor is there any thing in *Flint* vs. *Sheldon*, 13 *Mass.* 443, which militates against the principle of this case. It was there held that a deed purporting an absolute conveyance of land, cannot be avoided or controlled in its construction by an averment, or by parol evidence of usury, or of any condition or trust not expressed in the deed.

So in *Boyd* vs. *Stone*, 11 *Mass.* 342, the attempt was to aver, against the deed, that the grantee made a verbal promise that he would make a defeasance, so that it should operate as a mortgage.

The plaintiff in this case might well be permitted to show that it was agreed that he should receive a further sum than the amount paid Burnham, as the consideration of the conveyance. 1 *Phil. Ev.* 424, [481] ; 7 *Green.* 175, *Tyler* vs. *Carleton.* And if he might do this, he might show that his title to receive a further sum depended upon the contingency of the defendant's making sale of it for a greater sum.

This proves no trust on the part of the defendant, but merely that he agreed that upon selling the land which he purchased, and which by such purchase became his own, he would pay the plaintiff a further sum of money as the consideration for conveying it to him, provided he sold it for more than a particular sum.

If the plaintiff might prove an absolute contract to pay

a further sum, he might prove a conditional one, and the jury having found the contract, there must be

*Judgment on the verdict.*