Linscott *v.* McIntire.

The jury having settled the single damages, judgment is to be rendered for the plaintiff for three times that amount.

---

## SAMUEL LINSCOTT *vs.* JEREMIAH MCINTIRE.

Where a contract for the sale of land, which when made was within the statute of frauds and might have been avoided thereby, has been fully executed, and nothing remains but to pay over the money received, the statute furnishes no defence.

If the thing promised *may be performed* within the year, the contract is not within the provision of the statute in relation to time of performance.

Where one has an interest in land, and procures it to be conveyed to another on his parol promise to sell the land and pay over the proceeds of the sale; this constitutes a good consideration for the promise.

ASSUMPSIT for money had and received. On *October* 5, 1826, the plaintiff had conveyed to *E. Grover* a farm, receiving back from him an instrument of the same date, not under seal, whereby he promised to reconvey, at any time within three years, upon being paid five hundred dollars with interest. A few days before the expiration of the three years, the plaintiff applied to the defendant to pay the sum due to *Grover,* and take a deed to himself, to which the defendant assented, paid the money, and took an absolute deed from *Grover* to himself. The plaintiff proved, that it was verbally agreed, at the time, between the plaintiff and defendant, that the latter should sell the farm to the best advantage, and if any thing remained after refunding his advances, and paying him for his trouble, he would pay it over to the plaintiff. The defendant objected to the admission of this testimony, but the objection was overruled by WESTON C. J., before whom the trial was had. Before the commencement of the action, in *November,* 1830, the defendant sold the farm for $800. The verdict was for the plaintiff for the balance, deducting sufficient to indemnify him, and pay him for his trouble, and was to be set aside, if the testimony objected to was inadmissible.

*D. Goodenow,* for the defendant, argued, that the evidence objected to was rendered inadmissible by the statute of frauds.

1. There was no consideration for the promise, the defendant having received nothing from the plaintiff, unless the sale of an interest in land by parol.

2. Because the contract sought to be enforced by parol was one for the conveyance of real estate.

3. Because the contract was not to be performed within one year.

And besides, the evidence was inadmissible, because there was no mutuality in the contract. If the land had not sold for half the sum paid for it by the defendant, he had no remedy against the plaintiff for the balance. He cited *Boyd* v. *Stone*, 11 *Mass. R.* 342; *Sherburne* v. *Fuller*, 5 *Mass. R.* 133; *Freeport* v. *Bartol*, 3 *Greenl.* 340; *Bishop* v. *Little*, 5 *Greenl.* 362; *Patterson* v. *Cunningham*, 3 *Fairf.* 506.

*Hayes & Cogswell*, and *J. Shepley*, for the plaintiff.

If this had been an action on the original parol agreement, to recover damages for the non-performance of his contract, the statute of frauds might have protected the defendant in his fraud. But here the contract is not executory, but fully executed, and nothing remains but to pay over the money belonging to the plaintiff; and for that our action is brought.

Where a contract for the sale of lands, which might have been avoided by the reason of the statute of frauds, has been fully executed, and nothing remains but to pay over the consideration money, received therefor, the statute furnishes no defence. *Holbrook* v. *Armstrong*, 1 *Fairf.* 40; *Hess* v. *Fox*, 10 *Wend.* 436; *Brown* v. *Bellows*, 4 *Pick.* 179; *Richards* v. *Allen*, 8 *Pick.* 405; *Bunnell* v. *Taintor's Admr.*, 4 *Conn. R.* 568; *Boyd* v. *Graves*, 4 *Wheat.* 513. This well settled principle alone furnishes a complete answer to every objection raised in the argument for the defendant. Every case cited, applies to executory, and not to executed contracts. But the objection, that there was no consideration has been directly decided against the defendant in *Dillingham* v. *Runnels*, 4 *Mass. R.* 400. And the objection, that the contract was not to be performed within one year, could not avail him even in an executory contract. If the thing promised may be performed within the year, it is not within the statute. *Moore* v. *Fox*, 10 *Johns. R.* 244.

The case was continued for advisement, and the opinion of the Court afterwards drawn up by

WESTON C. J. — The consideration for the promise, upon which the plaintiff relies, was the sale by him of a certain interest in real estate to the defendant. If this contract of sale had been an executory agreement, there being no note or memorandum in writing, signed by the party to be charged, it would have been void by the statute of frauds, and would therefore have constituted no legal consideration for the defendant's promise. But the consideration was executed. The plaintiff having a legal and effectual right to the reconveyance by his grantee of certain land, put the defendant by substitution in his place, and thereupon the grantee of the plaintiff, by his appointment, conveyed the land to the defendant, in pursuance of a written agreement between the plaintiff and his grantee. This was a valuable interest available to the plaintiff, which thus actually passed to the defendant, and constituted a legal consideration for his promise. If he had agreed to pay therefor a gross sum, there could be no doubt that such a promise could be enforced at law. And the promise might be contingent or qualified, at the pleasure of the parties. In this case what the defendant was to pay for the interest, which the plaintiff had caused to be conveyed to him, depended upon the amount, which the former might realize, upon a sale of the premises. That being done, the amount to be paid became a matter of calculation, which has been settled by the jury. The sale of land, if executed, is as valid a consideration for the promise, as the payment of money. *Dillingham* v. *Runnels*, 4 *Mass. R.* 400.

In the case of *Bunnel* v. *Taintor*, 4 *Conn. R.* 568, the parties had entered into a parol agreement, by virtue of which they were to be jointly interested in the purchase and sale of real estate, and the profits were to be equally divided between them, whereupon certain estates having been bought and sold at a profit, the plaintiff sustained an action for his moiety ; and it was held not to be a case within the statute of frauds.

The case of *Hess* v. *Fox*, 10 *Wend.* 436, is not distinguishable in principle from the one before us. The defendant's testator was mortgagee of certain real estate, which had been conveyed to him by deed, conditioned to be void upon the payment of a certain

bond.　The plaintiff subsequently executed an absolute deed, and surrendered the premises, upon a parol agreement by the defendant's testator, to pay to the plaintiff the excess, which he might realize upon a sale of the land, beyond the amount of his debt. Upon a sale by the defendant, his executor, under lawful authority, for a greater sum, the plaintiff sustained an action for the excess ; and the Court held the statute of frauds no legal objection.

It is insisted, that the agreement was not to be performed within the space of one year, and not being in writing, was void under another clause of the same statute.　The sale did not happen to be made until a year had expired ; but it might have taken place at an earlier period, and there is nothing in the case from which it appears, that in the contemplation of the parties at the time, it was to be delayed beyond a year.　This clause of the statute has been limited to cases, where by the express terms of the agreement, the contract was not to be performed within the space of a year.　And it has been held to be no objection, that it depended on a contingency, which might not and did not happen, until after that time. *Fenton* v. *Emblers,* 3 *Burr.* 1278 ; *Anon.* 1 *Salk.* 280.

There was in the agreement all the mutuality, the defendant thought proper to require.　He stipulated to pay for the land, which he purchased of the plaintiff, the amount due from him to *Grover,* his grantee, and such further sum as it might sell for, beyond what was necessary for his indemnity, assuming himself the hazard, if any there was, that it might not possibly sell for as much, as would be wanted for this purpose.　But as it was known to be more valuable than the sum for which it was pledged, this was a contingency, hardly within the contemplation of the parties.

*Judgment on the verdict,*