Pillsbury *v.* Moore.

JOHN J. PILLSBURY ET ALS. *versus* JOSEPH M. MOORE ET ALS.

Riparian proprietors have a right to the flow of the water in its natural current, without any obstructions injurious to them.

A party acquires a right to the use of water in a particular manner by an uninterrupted, adverse enjoyment of such use over twenty years; but an omission by the owner to make use of his right, does not impair his title or confer any right thereto upon another.

It is not the *non user* by the owner, but the adverse enjoyment by another, which destroys this right.

A tenant in common may maintain an action against his co-tenant for diverting the water from their common mill for separate use.

An action may be maintained as well for continuing a nuisance erected by another, as for the original erection.

A purchaser of property on which a nuisance is erected, is not liable for its continuance unless he has been requested to remove it.

ACTION ON THE CASE, for the continuance of a dam, whereby the plaintiffs' ancient mill site was flowed and destroyed.

REPORTED by APPLETON, J.

The facts necessary to a full understanding of the case, appear in the opinion of the court.

*G. W. Whitney* and *D. D. Stewart,* counsel for the plaintiffs.

*Rowe & Bartlett,* counsel for the defendants.

APPLETON, J.    The ancestor of the plaintiff was the part owner of a mill and privilege, which has been flowed out by a dam erected by those under whom the defendants derive their title.    This action is brought for damage sustained by the continuance of the dam thus built, in consequence of back water caused thereby.

At the time when the dam in question was erected, the ancestor of the plaintiff had acquired no prescriptive rights by reason of a continued occupation for over twenty years. The defendants and those under whom they claim since its erection, have acquired no rights by lapse of time to have

and maintain their dam at its present height. The respective rights of the parties remain as at common law, unaffected by any question of prescription.

As riparian proprietors, the plaintiffs have a right to the flow of the water in its natural current, without any obstructions injurious to them. "No man, says STORY in *Wilkinson* v. *Tyler*, 4 Mass. R., 400, has a right to diminish the quantity which will, according to the natural current, flow to the proprietor below, or to throw it back upon a proprietor above." In *Cowles* v. *Kidder*, 4 Foster's R., 365, it was held that every proprietor of land over or through which a stream of water flows is, in virtue of such ownership, entitled to the use of the water flowing over it in its natural current without diminution or obstruction; and no proprietor below has any right to throw back water upon a proprietor above. *Mason* v. *Hill*, 5 B. & A., 1; *Heath* v. *Williams*, 25 Maine R., 209; *Hatch* v. *Dwight*, 17 Mass. R., 289.

A party acquires a right to the use of water in a particular manner by an uninterrupted, adverse enjoyment of such use over twenty years. But an omission by the owner to make use of his right, does not impair his title or confer any right thereto upon another. It is not the *non user* by the owner, but the adverse enjoyment by another which destroys his right. *Townsend* v. *McDonald*, 2 Kernan, 381. Mere non user for less than twenty years will not prove an abandonment of a mill privilege or right of way. *Williams* v. *Nelson*, 23 Pick. R., 141; *French* v. *Braintree Manufacturing Company*, 23 Pick. R., 216; *Hurd* v. *Corliss*, 7 Met. R., 94. The evidence fails to prove an intentional abandonment of the privilege by the plaintiff's ancestor. He might have been willing to sell his interest in the privilege, but a sale of a privilege for its value or an offer to sell, is not to be regarded as an abandonment.

It was held in *Odiorne* v. *Lyford*, 9 N. H. R., 502, that if one co-tenant of land upon which a mill is situated, erects a dam below on the same stream, on his private estate, and thereby flows the common property to the injury of his co-

tenant, the latter may maintain an action of the case against him. In *Blanchard* v. *Baker*, 8 Greenl. R., 253, the court held that one tenant in common might maintain case against his co-tenant for diverting the water from their common mill, for separate purposes.

It would seem therefore that Edmund Pillsbury, in his life time, might well have maintained an action for the injury to his privilege caused by the dam erected by those from whom the defendants claimed title.

It is well settled that an action may be maintained as well for continuing a nuisance erected by another, as for the original erection. *Staple* v. *Spring*, 10 Mass. R., 72.

This action is not against those by whom the dam was erected, by which the mill privilege of the plaintiff's ancestor was flowed out. It is not for an original and wrongful erection, but for its continuance by those who derive title through various mesne conveyances from those by whom it was erected.

If this action is not brought against the original erecter of the nuisance, but against feoffee, lesee, &c., it is necessary to prove a special request to the defendant to remove the nuisance. 12 Peters' R., 799. In *Woodman* v. *Tufts*, 9 N. H. R., 88, it was held that when a dam was erected and land flowed by the grantor of an individual, the grantee will not be liable for damages in continuing the dam and flowing the land as before, except on notice of damage, and request to remove the nuisance or withdraw the water. "It may be considered as settled," says UPHAM, J., "that when he who erects a nuisance conveys the land, he does not transfer the liability for the erection to the grantee, for the grantee is not liable till upon request, he refuses to remove the nuisance, for the reason that he cannot know until such request, but the dam was rightfully erected." In *Johnson* v. *Lewis*, 13 Conn. R., 307, SHERMAN, J., says, "the law is well settled that a purchaser of property on which a nuisance is erected is not liable for its continuance unless he has been requested to remove. This rule is very reasonable. The purchaser of

property might be subjected to very great injustice, if he were made responsible for consequences of which he was ignorant, and for damages which he never intended to occasion. They are often such as cannot be easily known except to the party injured. A plaintiff ought not to rest in silence, and presently surprise an unsuspecting purchaser by an action for damage; but should be presumed to acquiesce until he requests a removal of the nuisance." Angel on Water Courses, 403. *Plummer* v. *Harper*, 3 N. H. R., 88. Gale & Whateley on Easements, 404.

The defendants are not those who are responsible for the erection of the original nuisance—for as between the parties owning the dams when the lower one was built, that must be regarded as a nuisance to the upper—but have subsequently acquired their title. They have never been requested to remove their dam. Until that is done, and they have neglected to comply with such request, they cannot be regarded as in fault.

*Plaintiffs nonsuit.*