## THOMPSON and Another *v.* ELLIOTT.

VENDOR AND PURCHASER.—STATUTE OF FRAUDS.—A sold to B a tract of land for $900, payable in four annual instalments, which were secured by a mortgage upon the land. When the first instalment became due, B, being unable to pay it, re-conveyed the land to A, upon a parol agreement that he would hold it for B until a day named, and if the first instalment was then paid would re-convey the land to B, upon the terms of the first contract. Suit by B alleging these facts, and that A, in violation of the contract, had conveyed the land to another; that B, while in possession, had made improvements to the amount of $100, and had paid interest to A and taxes, &c.

*Held,* that the transaction must be construed to be a rescission of the first contract of sale by the mutual agreement of the parties, and an agreement for a re-sale at a future time.

*Held,* also, that the agreement to re-sell, not being in writing, was void, under the statute of frauds.

*Held,* also, that B, in the absence of any such stipulation in the contract of rescission, was not entitled to recover for improvements, taxes, &c.

APPEAL from the *Montgomery* Common Pleas.

FRAZER, J.—The appellants, *Sarah E. Thompson* and *William Thompson,* her husband, filed a complaint against *Elliott,* to which the court sustained a demurrer, because it

did not state facts sufficient to constitute a cause of action, and rendered a final judgment against the appellants for costs, to which they excepted. The correctness of the ruling of the court on the demurrer is the only question in the case.

The allegations of the complaint are, in substance, as follows: That on the 16th day of *September*, 1864, said *Sarah E. Thompson* purchased of *Elliott* a lot in the town of *Crawfordsville*, (which is described,) for the sum of $900, payable in four equal annual instalments of $225 each, with interest payable semi-annually; that at the date of the contract, *Elliott* conveyed the lot by a deed of warranty to said *Sarah*, and at the same time she and said *William* executed to *Elliott* a mortgage on the lot to secure the payment of the purchase money; that after the first instalment of the purchase money became due, the said *Sarah* and her husband, being unable to pay the same, re-conveyed the lot to *Elliott*, he having proposed that if they would do so, he would hold it for them until the 1st of *March*, 1866, and if by that time they paid the first instalment of the purchase money, he would re-convey the lot to said *Sarah*, and in all things restore the original contract; that they made said conveyance with the understanding that they were to have the privilege of redeeming the lot at any time prior to the 1st day of *March*, 1866; that immediately after said conveyance was made, said *Elliott*, for the purpose of cheating and defrauding the appellants, sold and conveyed the lot to *William Layson*, for the sum of $1,200, who purchased the same without any notice of the agreement between the plaintiffs and *Elliott;* that *Layson* served them with notice to quit, and thereupon they surrendered the possession of the lot to him on the 1st day of *March*, 1866; that the premises were then worth $1,500; that the plaintiffs, while in possession thereof, made improvements on the house and out buildings on said lot of the value of $100, and paid the defendant $50 interest on the purchase money, and paid the taxes on the lot for the year 1865, amounting to $30. The

complaint concludes with a claim and prayer for judgment
for $500 in damages.

It is not claimed that the conveyance from the appellants
to *Elliott* was intended as a mortgage to secure the pay-
ment of the purchase money to him. The fact that *Elliott*
already held a mortgage for that purpose would negative
such an idea, as a second mortgage on the same property
for the same debt would not increase the security; it would
simply be incurring the expense of its execution without
any possible benefit. The only reasonable inference to be
drawn from the facts alleged is, that the conveyance was
made upon a rescission of the previous contract of sale by
the mutual agreement of the parties, or in satisfaction of
the purchase money secured to *Elliott* by the mortgage,
with a verbal promise by him to re-sell the lot to the plain-
tiff, *Sarah*, on the same terms as the first sale, on condition
that the first instalment of the purchase money should be
paid by the 1st of *March*, 1866. It was a promise to sell at
a future time, on the condition named, and not being in
writing and signed by *Elliott*, is void by the statute of
frauds. 1 G. & H. 349. *Boyd* v. *Stone*, 11 Mass. 342.

But it is insisted by the appellants that if the re-convey-
ance of the lot to *Elliott* was upon a rescission of the first
contract, and if his agreement to re-sell the property to
*Sarah* is void by the statute of frauds, still the appellants
would be entitled, under the averments in the complaint, to
recover the value of the improvements made by them on
the buildings, and the amount paid for interest and taxes.
We do not think so. This is not a suit to compel the re-
scission of a contract. If the first contract was rescinded,
it was done by the mutual agreement of the parties, who
were competent to agree upon the terms of such rescission.
The complaint discloses the fact that the appellants were in
the possession of the property for a period of near eighteen
months, but it contains no averment that *Elliott* agreed to
pay for improvements on the buildings made by the appel-
lants, or to refund the amount paid for interest or taxes, or

that the appellants were to account for the rents and profits of the property for the time they were in possession of it. No part of the purchase money, except the amount alleged to have been paid on the first year's interest, had been paid. The first instalment was past due, and the appellants were unable to pay it, and because of such inability re-conveyed the property to the vendor, without any agreement on his part to repay the interest and taxes, or to account for the amount expended in repairs.

We think no valid cause of action is shown by the complaint, and therefore that the court did right in sustaining the demurrer.

The judgment is affirmed, with costs.

ELLIOTT, C. J., was absent.

*P. S. Kennedy,* for appellants.

*M. D. White* and *J. M. Butler,* for appellee.