## SULLIVAN v. WINTERS.

### Opinion delivered June 21, 1909.

1. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDINGS.—A chancellor's findings of fact will not be disturbed on appeal unless clearly against the preponderance of the evidence. (Page 152.)

2. STATUTE OF FRAUDS—CONTRACT TO DIVIDE PROCEEDS OF SALE OF LAND.—A verbal contract to divide the proceeds of the sale of land to be thereafter made is not within the statute of frauds. (Page 152.)

3. SAME—EFFECT OF PERFORMANCE.—If so much of a verbal contract for the division of the proceeds of land to be sold as relates to the sale of land be within the statute of frauds, after it has been performed, the remainder of the contract relating to the division of the proceeds will be enforced. (Page 152.)

4. SAME—CONTRACT NOT TO BE PERFORMED WITHIN YEAR.—In order to bring a contract within the statute of frauds as one not to be performed within a year, it must be one that by its terms is not to be performed within a year. (Page 153.)

Appeal from Lawrence Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*Sam H. Davidson* and *Morris M. Cohn,* for appellant; *L. B. Poindexter,* of counsel.

1.   Contracts for the sale of lands or any interest in or concerning are void under the statute of frauds.   Kirby's Digest, § 3654, clause 4; Browne on Stat. Frauds, § § 385-7; 21 Ark. 533; 16 *Id.* 364; 76 *Id.* 237; 45 *Id.* 17; 70 *Id.* 351, etc.

2.   The contract was not to be performed within a year, and was void.   *Ib.* § 3654, clause 6; 46 Ark. 80; 1 McArthur (D. C.) 485; 47 Am. Dec. 320; 1 Hilton (N. Y.) 305.

3.   The evidence does not sustain the chancellor's finding of facts.

*W. A. Cunningham,* for appellee.

1.   This was simply a contract to share in the profits or proceeds of the sale of land, and is not within the statute of frauds.   29 Am. St. Rep. 134; 71 Ark. 326.

2.   No time is specified in which the contract was to be performed.   Such a contract is not within the statute.   46 Ark. 84; 71 Ark. 326.

3.   The findings of the chancellor are not against the preponderance of the evidence.

McCulloch, C. J.   About forty years ago the plaintiff, Howell Winters, discovered, or thought he discovered, a valuable lead of zinc ore on a tract of land in Sharp County, Arkansas, containing 320 acres, then owned by a man named Street.   He promised Street to say nothing about it and, keeping the secret, he afterwards removed from that locality.   Street sold the land, and afterwards died, and the land finally became by purchase the property of the defendant Sullivan.

Sometime in the year 1903, while the plaintiff was living in Polk County, Arkansas, he called to mind his former discovery, and decided to take the matter up and see if he could not make something out of it, and some correspondence took place by letter between him and the defendant.   The letters have been lost, and there is some conflict as to their contents, but that is immaterial, as the rights of the parties depend upon an oral contract subse-

quently made between them. It does not appear whether or not at that time the plaintiff knew that the lands were owned by Sullivan, but he afterwards ascertained that fact.

In September, 1903, the plaintiff returned to Sharp County, and went to see the defendant at his home for the purpose of renewing negotiations. He then informed the defendant that it was upon the latter's land that the discovery of zinc had been made. They thereupon entered into an oral contract whereby it was agreed that the plaintiff should proceed with his investigation and develop to a certainty whether or not there was zinc ore in paying quantities on the land, and that when the land should be sold the plaintiff should share in the proceeds of the sale. There is a serious conflict between their several contentions as to what proportion of the proceeds of sale the plaintiff should have. He contends that he was to have one-half of the proceeds, but the defendant contends that according to the agreement the plaintiff was only to share equally in the proceeds of sale after deducting the market value of the land for agricultural purposes.

The plaintiff, and another person associated with him in the work, proceeded with the development of the mineral prospect, and did considerable work in the way of opening up shafts and cuts and taking out mineral. According to the testimony, considerable zinc was found on the land. In 1907 the defendant sold 160 acres of the land to Vaughan & Estell for $6,000, and the plaintiff instituted this action against the defendant to recover one-half of that sum, alleged to be due him under the contract. The defendant, in his answer filed in the case, denied that he had entered into any contract with the plaintiff agreeing to pay him any portion of the proceeds of sale of the land; but in his testimony it is admitted that such a contract was made, and they differ as to the terms thereof, as already stated.

On motion of the defendant, and without any objection on the part of the plaintiff, the cause was transferred to equity, where it proceeded to final decree upon the pleadings and proof. The court sustained the contention of the defendant as to the terms of the contract, and found that a fair market value of the lands for farming purposes, not considering the mineral thereon, was $20 per acre, or $3,200 for the tract sold, leaving a profit of $2,800 on the sale, one-half of which was decreed to plaintiff. The de-

fendant appealed to this court, and afterwards the plaintiff cross-appealed. Both parties contend here that the chancellor erred in his finding of facts, the plaintiff contending that the findings were erroneous as to the terms of the contract and also as to the value of the land for agricultural purposes. The defendant also contends that the land was of greater value for agricultural purposes than the amount found by the chancellor.

We are of the opinion that the findings of the chancellor were correct throughout, or, at least, after a consideration of all the testimony, which is voluminous, we cannot say that the findings are against the preponderance thereof. The direct testimony as to the contract between the parties is nearly even balanced; but, considering the statements of a number of witnesses who testified as to the admissions made by the plaintiff, we think that on this issue the scales turned in favor of the defendant's contentions. that the value of the land for farming purposes was to be deducted.

The finding as to the value of the land for this purpose was not strictly in accord with the testimony of either of the parties, but the court fixed the value between the two extremes. Most of the defendant's witnesses testified that it was worth $25 per acre, whilst those introduced by the plaintiff put the value at far less than that amount per acre. The court fixed it at $20 per acre, and we are not prepared to say that this assessment of the value was against the preponderance of the evidence.

The defendant also pleaded the statute of frauds in bar of the plaintiff's right of recovery. Two sections of the statute are pleaded: The one relating to contracts "for the sale of lands, tenements or hereditaments, or any interest in or concerning them;" and the clause relating to contracts not to be performed within a year from the making thereof. The oral contract in question, which was one for the division of the proceeds of a sale of land to be thereafter made, is not within the statute of frauds. *McClintock* v. *Thweatt,* 71 Ark. 323; *Trowbridge* v. *Weatherbee,* 11 Allen 361; *Linscott* v. *McIntire,* 15 Me. 201; *Hess* v. *Fox,* 10 Wend. 436; *Bunnel* v. *Taintor,* 4 Conn. 568; *Bruce* v. *Hastings,* 41 Vt. 380; *Benjamin* v. *Zell,* 100 Pa. St. 36.

If that part of the contract relating to the sale of the land be held to be within the statute of frauds, it has been fully per-

formed, and the only unperformed portion is that relating to the division of the proceeds. *McClintock* v. *Thweatt, supra.*

The evidence does not show that the contract was not to be performed within a year. No definite time was agreed upon within which the contract should be performed, and it may have been performed within a year. In order to bring a contract within the operation of the statute of frauds, it must have been one that, by its terms, was not to be performed within a year. Browne on the Statute of Frauds, § § 273, 274; *Linscott* v. *McIntire, supra; Trowbridge* v. *Weatherbee, supra; Peters* v. *Westborough,* 19 Pick. 364; *Lyon* v. *King,* 11 Metcalf 412.*

We find no error in the record, and the decree is affirmed.

---

*See also *Railway Company* v. *Whitley,* 54 Ark. 199; *Sweet* v. *Desha Lumber Co.,* 56 Ark. 629. (Rep.)