·CLAYTON B. ROBERTS, RESPONDENT, v. J. CHARLES REM-
LINGER, APPELLANT.

Argued October 26, 1928—Decided February 4, 1929.

For the appellant, *Kreps & Bell.*

For the respondent, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

BLACK, J.   The controversy in this case grew out of the
profits derived from a real estate transaction.   The land in
question is located in Ocean City, Cape May county.   The
suit is to recover the sum of thirty-five thousand dollars
($35,000).   The complaint alleges that on the 25th day of
July, 1925, the plaintiff sold the land to Edward M. Sutton
and James M. Chester for the sum of two hundred and
seventy-five thousand dollars ($275,000).   The defendant
thereupon agreed, that instead of the defendant making the
agreement of sale to the plaintiff and the plaintiff making
an agreement of sale with Edward M. Sutton and James M.
Chester, he, the defendant, would make the agreement of sale
directly with Edward M. Sutton and James M. Chester, and
he would pay to the plaintiff the sum of thirty-five thousand
dollars ($35,000).   The $35,000 being the excess profit ob-

tained from the transaction. The trial resulted in a verdict and judgment in favor of the plaintiff. The defendant appealed and filed five grounds of appeal, viz.:

First and fourth: Error by the trial court refusing to nonsuit the plaintiff.

Second and third: Error by the trial court permitting the plaintiff to testify concerning an alleged oral contract.

Fifth: The verdict is contrary to the weight of the evidence.

This latter cannot be considered in civil cases on appeal.

As we view the record in this case, it reveals pure questions of fact for the determination of the jury. The analysis of the case shows a suit to recover a specific sum of money, under a special promise to pay; to recover money had and received by the defendant for the use of the plaintiff, as was alleged in the common counts of a declaration under the old form of action in *assumpsit;* to recover money obtained, as a profit from a real estate transaction, which is not within the statute of frauds required to be in writing. It was open to the jury to find in addition to the facts alleged in the complaint, the following additional facts, viz.: The defendant, J. Charles Remlinger, had a contract with the Fidelity Realty Company for the purchase of the land for $190,000. He would sell the property if he could get· a profit of $50,000. He, the defendant, orally agreed to sell the property to the plaintiff, Clayton B. Roberts, for $240,000, which would afford him a profit of $50,000. He was informed by Roberts, that he, Roberts, had sold the property to Sutton & Chester for $275,000. It was arranged between them, that the defendant, J. Charles Remlinger, would make the contract direct to Sutton & Chester, the defendant, J. Charles Remlinger, expressed satisfaction with the transaction and agreed to pay the plaintiff, Clayton B. Roberts, the sum of $35,000, being the difference between the sum he was satisfied to accept, viz., $240,000 and the sale price of $275,000 procured by Roberts. The defendant, J. Charles Remlinger, made settlement and transfer of the property a day before the date fixed in the agreement of sale, in order to prevent, as is alleged,

the plaintiff, Clayton B. Roberts, from getting his money and still refuses to pay him; hence, the suit to recover the sum of $35,000. The defendant now argues the verdict should be set aside; first, because the original promise was without consideration, and second, because it was void and not enforcible under the statute of frauds. As we view the facts in the record these points are not tenable. They are both unsound for the following reasons. As to the first, the plaintiff, Clayton B. Roberts, having procured a purchaser for the property, which would yield Remlinger a profit of fifty thousand dollars ($50,000) and Roberts a profit of thirty-five thousand dollars ($35,000), and having made known these facts to Remlinger; Remlinger in turn, in consideration of Roberts turning over his contract of sale to him, orally agreed to pay Roberts the excess profit of thirty-five thousand dollars ($35,000). Thus, Remlinger received a benefit from the transaction, by virtue of his contract to sell to Roberts, *i. e.,* the making of a profit of fifty thousand dollars ($50,000). The benefit obtained by the defendant from the plaintiff's agreement to sell turned over to the defendant at his request, and by him executed is a sufficient consideration to support the defendant's agreement to pay the plaintiff, a portion of the profits obtained from the transaction. This is a sufficient consideration for the promise. So, the sale of the land if executed, is as valid a consideration for the promise as the payment of money. *Linscott* v. *McIntire,* 15 *Me.* 201, 203.

As to the second point, it is quite clear from the evidence in the record, the oral promise or contract is not one concerning the purchase of land, nor is it one to pay a broker's commission, or to pay a sum of money in the nature of a broker's commission. So, under some well considered cases, such an oral promise, to pay a portion of the profits growing out of real estate transactions, is not one within the scope or meaning of the statute of frauds; which to be enforcible must be in writing. It does not amount to an interest in the land itself. Thus, a parol promise to pay another a portion of the profits made by the promisor in the purchase and sale of real estate is not within the statute of frauds, and, if founded upon a

sufficient consideration, will support an action. *Trowbridge* v. *Wetherbee,* 93 *Mass.* 361. The facts of that case are almost identical with the facts of the case under discussion. To the same effect are *Bunnell* v. *Taintor,* 4 *Conn.* 568; *McGinnis* v. *Cook,* 57 *Vt.* 35; *Benjamin* v. *Zell,* 100 *Pa. St.* 33; *Linscott* v. *McIntire, supra; Hess* v. *Fox,* 10 *Wend.* (*N. Y.*) 436.

In our reports the same principle was applied in the cases of *Birch* v. *Baker,* 85 *N. J. L.* 660, in this court, substantially overruling the same case, on a rule to show cause, in the Supreme Court reported in 79 *N. J. L.* 9. The principle of that case was re-examined by this court and reaffirmed, in the case of *Andrews* v. *Westaway,* 99 *Id.* 220; 27 *Corp. Jur.* 226, § 215. This is not a suit to enforce an oral contract for the sale of land and to recover damages for the breach thereof, if so, the statute of frauds might be a defense.

The record shows, the oral promise was first made on Sunday, but there is evidence in this case, on which the jury might find as a fact, that the contract was made on a week day and not on Sunday, at least ratified on a week day. It was, also, executed and therefore ratified.

This under all the cases in our reports made the contract enforcible. *Burr* v. *Nivison,* 74 *N. J. Eq.* 320; *affirmed,* 75 *Id.* 241. In the Supreme Court *Reeves* v. *Butcher,* 31 *N. J. L.* 224; *Brewster* v. *Banta,* 66 *Id.* 367; *Rosenblum* v. *Schachner,* 84 *Id.* 525; *Telfer.* v. *Lambert,* 79 *Id.* 299.

Finding no error in the record the judgment of the Supreme Court is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, KALISCH, BLACK, KATZENBACH, CAMPBELL, VAN BUSKIRK, JJ. 8.

*For reversal*—PARKER, LLOYD, WHITE, KAYS, DEAR, JJ. 5.