## McCLINTOCK v. THWEATT.

### Opinion delivered April 17, 1903.

1. EQUITY—ACCOUNT.—Equity has jurisdiction of a bill alleging an account extending over many years and covering numerous items of debit and credit, and that plaintiff has not information or means sufficient to enable him to state such account, and that he is ignorant of the amount due him. (Page 326.)

2. STATUTE OF FRAUDS—ORAL AGREEMENT.—An oral agreement between A and B that B shall advance the money to buy certain lands for the purpose of selling them and dividing the profits between A and B is not within the statute of frauds. (Page 326.)

Appeal from Prairie Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Reversed.

*Eugene Lankford,* for appellant.

The statute of frauds must be specially pleaded. 32 Ark. 116; 19 Ark. 34. Full performance takes the contract out of the statute of frauds. 49 Ark. 507. The constructive trusts are not within the statute of frauds. Bispham, Eq. § 95. The statute of fraud can not be set up by a party infected with fraud. 19 Ark. 39; Hill, Trustees, 166; 5 Ga. 346; 26 Ark. 351; 41 Ark. 264; 20 Ark.

273; Sand. & H. Dig. § 3481. Partnership agreements with reference to land are exceptions from the statute of frauds. 2 Reid, Stat. of Frauds, § 727; Lindley, Part. 148; 21 Me. 422; 54 N. Y. 1; 75 N. Y. 201; 65 Ia. 222; 16 L. R. A. 745; 144 Ill. 641. The statute of frauds was adopted to prevent fraud. 106 Ill. 73; 56 Ind. 569; 67 N. Y. 30; 106 Pa. 349; 15 Col. 1. An agreement to divide the profits from sale of land is not within the statute of frauds. 41 Vt. 380; 98 Am. Dec. 592; 85 N. Car. 161; 145 Mo. 614; 63 Ark. 518.

*Gatewood & Gatewood,* for appellee.

The parties were not partners. 45 Ark. 384; 25 Ark. 327; 49 Ark. 252; 43 Am. Dec. 435; 44 Ark. 423; 51 Am. Rep. 614. A parnership can only be created by a contract entered into for that purpose. 2 Ark. 346; 44 Ark. 423; Story. Part. §§ 3-6; 4 Ark. 425; 63 Ark. 518; 6 Ark. 191; 22 Ark. 381; 25 Ark. 327; 26 Ark. 154; 39 Ark. 280; 7 Ala. 761; 17 Mass. 107; 21 S. W. 981; 25 S. W. 875. A demurrer admits no conclusions of law. Bliss, Code Pl. 648. Where one purchases land with his own money, no contemporaneous or subsequent declaration of a trust can effect his title. 42 Ark. 503; 50 Ark. 71; 27 Ark. 77; Sand. & H. Dig. § 3480: A court of equity will not aid in enforcing state claims. Fetter, Eq. 42; 1 Story, Eq. Jur. 72; 14 Ark. 62; 15 Ark. 296; 23 Am. St. 147; 28 Oh. 568; Wood, Lim. 123; 38 Minn. 197.

BATTLE, J. The plaintiff, J. M. McClintock, instituted this suit against the defendant, J. G. Thweatt, and alleged in his complaint as follows:

"That in the year 1888 he and the defendant entered into a partnership agreement for the purpose of buying and selling certain lands hereinafter described. That the defendant had a land deal on hand in which he offered said lands for $1,000 in cash. That he thought said lands to be worth much more, and was looking about to get some one to furnish him the money. That he spoke to the defendant about the good deal, and stated to him that, if he had the $1,000 cash, he could make some money. That the defendant told him he would furnish the money if he would let him in on the deal. Plaintiff could have got the money from other parties, but, being a brother lawyer at the bar, he had confidence in him, and let him in on the deal; got the land finally for less than $1,000. That defendant would have not got the land without plaintiff's efforts in the matter, nor would he have ever known of the deal. That said

agreement was not placed in writing because of said confidence. He believed he would carry out his agreement which he had always agreed and promised to do till the bringing of this suit. (Then follows a description of the land referred to and which it is immaterial to state.) That under their agreement they were to share equally in the profits of said business, and the plaintiff looked after the purchase of said lands, and he and the defendant both looked after the sale of the same. That it was agreed and understood that deeds to all of the lands should be taken in the name of the defendant Thweatt, which was done, and he was to make deeds to all purchasers, and did make deeds to parties he sold, and also to lands sold by plaintiff. The said lands were purchased under said agreement, and were sold at various dates, the first being made on the 16th day of February, 1889, and the last was made on the 23d day of May, 1896. That during the whole time there has been no settlement of partnership business, notwithstanding the fact that plaintiff has repeatedly asked defendant to settle said partnership business with him. He always agreed to, but plaintiff never could get him to settle. The defendant has paid out and expended in furthering said business and land deals in purchase money and taxes about the sum of $3,000, the exact amount plaintiff is unable to say. This amount is as nearly correct as he is able now to state. The defendant has received from said business and land deals the sum of $3,000, according to the deeds made by him and the best information of plaintiff, but plaintiff can not say positively that this is all that defendant has received from said land business. That the plaintiff herein received the sum of $240 from said land deal from land deeded by plaintiff and partnership business, and this is all he has received. That said money was turned over to him as part of his share of the profits under said contract. That, according to the records and the best information he is now able to receive, the sum of $1,021 is now due him from the partnership business. That, if plaintiff had not taken him into the deal, the said defendant would not have made anything out of it. The plaintiff would have made as much as he is now asking in this complaint." And concluded by asking that the defendant be required to account to plaintiff; and that a master be appointed, if necessary, to state an account; for judgment for the amount found to be due him; and for other relief.

The defendant demurred to the complaint because there is no equity in it, and it does not state facts sufficient to constitute a cause of action.

The court sustained the demurrer, and the plaintiff appealed.

A statement of an account is the equitable relief invoked in this case. The account extends through eight years, from the year 1888 to the year 1896, the debits of which consist of various sums received for the purchase of lands, and the credits, of moneys paid for lands, taxes, and other purposes. Appellant alleged in his complaint that he has not information or means sufficient to enable him to state such account, and that he is ignorant of the amount due him. In such cases courts of equity have jurisdiction to grant relief. *Trapnall* v. *Hill,* 31 Ark. 345, 352, 355; *Dennis* v. *Tomlinson,* 49 Ark. 575, 576; 1 Story, Eq. Jur. (13th ed.) § 459.

Is appellant entitled to the relief? This is denied, in part, upon the ground that the contract relied upon relates to an interest in lands, and is not in writing, as provided by the statute of frauds. The statute relied on provides: "No action shall be brought * * * to charge any person upon any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them, * * * unless the agreement, promise or contract upon which such action shall be brought, or some memorandum or note thereof, shall be made in writing, and signed by the party to be charged therewith, or signed by some other person by him thereunto properly authorized. Sand. & H. Dig. § 3469. This action is not brought to charge appellee upon any contract for the sale of lands, or any interest in or concerning them. Appellant seeks to enforce a contract to divide the profits derived from the sales of land. The lands purchased by him and appellee were to be conveyed to appellee, and were by him to be conveyed to the persons to whom they sold the same, which has been done. The profits were to be divided equally between them. So much of the contract as comes within the statute of frauds has been performed. The remainder of the contract, the agreement to divide profits, does not, and will support an action. *Trowbridge* v. *Wetherbee,* 11 Allen, 361; *Bunnel* v. *Taintor,* 4 Conn. 568; *Howell* v. *Kelly,* 149 Pa. St. 473; *Bruce* v. *Hastings,* 41 Vt. 380; *Hess* v. *Fox,* 10 Wend. 436; *Benjamin* v. *Zell,* 100 Pa. St. 36; *Linscott* v. *McIntire,* 15 Me. 201; *Gwaltney* v. *Wheeler,* 26 Ind. 415; Browne, Statute of Frauds (5th ed.) § 261g.

The judgment of the circuit court is reversed, and the cause is remanded with instructions to the court to overrule the demurrer.