CAGE v. STATE.

Opinion delivered January 7, 1905.

1. VENUE—EVIDENCE.—Circumstantial evidence held sufficient to prove venue. (Page 485.)

2. WITNESS—IMPEACHMENT.—Where a witness in a larceny case swore that he stole the goods in question, and that defendant was not with him at the time the offense was committed, it was admissible, for the

purpose of impeaching such witness, to show that he had previously said that defendant was with him at the commission of the offense. (Page 486.)

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Affirmed.

*Wood & Henderson,* for appellant.

The venue is not proved, and the verdict is not supported by the evidence. 58 Ark. 390; 56 Ark. 242; 25 Ark. 435. The court erred in permitting the confession of Henry Moore in evidence. 1 Greenleaf, Ev. § 223; Underhill, Cr. Ev. § § 139,. 295; 41 N. W. 459. The prosecuting attorney erred in his closing remarks. 82 S. W. 190.

*George W. Murphy, Attorney General,* for appellee.

BATTLE, J. Foster Cage was indicted by a grand jury of Garland County, at the January term, 1904, of the circuit court of that county, for larceny, committed by the felonious stealing, taking and carrying away certain goods, chattels and moneys of S. M. Duffie, of a value exceeding $10. He was convicted, and has appealed to this court.

Appellant insists that the evidence adduced in his trial does not show that the property was stolen in Garland County. It is true that no witness testified in what county the offense was committed. But the facts proved indicate clearly that it was in the city of Hot Springs, in Garland County, in this State. S. M. Duffie, whose goods were stolen, was a merchant, engaged in selling dry goods. He had as many as fifteen clerks engaged in selling at the time the offense was committed. One of the clerks, a witness, testified that he resided in Hot Springs. Henry Moore, Duffie's porter, also resided in Hot Springs at the same time. He was lodging there. Duffie's business was considerable, and indicates that his storehouse must have been in a town or city of some importance. As his clerks and porter resided in

the city of Hot Springs while they were employed by him, the reasonable presumption is that his store, from which the goods were taken, was in the same city. Duffie testified that it was in the night when he first heard or ascertained that his goods were stolen, and that he immediately went down town to the police headquarters, and from there walked to Henry Moore's place of abode, which was in the city of Hot Springs, and this is another circumstance which indicated that his storehouse was in the city of Hot Springs. His store was located near the Grand Central Hotel. The stolen goods, soon after they were missed, were found in the city of Hot Springs. They were traced from place to place in that city; and there was no evidence that they were ever found in any other place. Other facts, too numerous to mention, point in the same direction. We think the evidence is sufficient to sustain a finding that the offense was committed in Garland County.

Evidence was adduced, over the objections of the appellant, tending to implicate Henry Moore in the stealing of the goods. But this was not prejudicial. His defense was that Henry Moore stole the goods, and he purchased a part of them from Moore. Moore testified in his behalf and at his instance to that effect.

Moore was introduced as a witness by appellant. After he (Moore) had testified that he stole the goods, and that appellant was not with him at the time, and never assisted, aided or abetted in the commission of the larceny in any way, and that he sold a part of the goods to appellant, the State, on cross examination, asked, over the objection of the appellant, "Didn't you state to Mr. Duffie and officer Bryan that Cage went through the store with you?" The court overruled the objection, at the same time telling the jury that any statement implicating the defendant, Foster Cage, in the larceny of the goods charged in the indictment could not be considered as evidence against him, but only for the purpose of contradicting or impeaching the witness Henry Moore. Witness then answered, "Yes." The State then asked, "Why?" And he answered: "Because Mr. Duffie promised me that if I would tell him that this man was with me, he would get the judge to assess the lowest fine, would pay it, and let me go to work again, and I thought I would tell him that to get out of the trouble." Now, appellant insists

that the court erred in admitting this testimony, because the statement to Duffie was a confession, and was procured by the hope of reward. But the statement is not a confession. "A confession, in criminal law, is a declaration made at any time by a person, * * * stating or acknowledging that he has committed or participated in the commission of a crime." The statement objected to could not become a confession without injecting in it, or implying, what the witness had stated in his examination in chief by the defendant. He certainly had no right to object to that to which the witness had testified at his instance. Moore, the witness, had testified that he stole the goods, and that appellant was not with him at the time. For the purpose of impeaching him, the State sought to show that he had previously said that appellant was with him at the commission of the crime. Under the instructions of the court to the jury, the testimony was admissible for that purpose.

Judgment affirmed.

Wood, J., dissents; McCulloch, J., did not participate.