CHILDS *v.* MAGNOLIA PETROLEUM COMPANY.

4-3867

Opinion delivered June 10, 1935.

**84**

*L. B. Smead* and *H. G. Wade,* for appellant.
*W. E. Patterson,* for appellee.

McHANEY, J. This action originated in the circuit court, where appellant sued appellee for $800 for his share of royalty oil taken under contract from an oil lease operated by appellee from April 1, 1932, to the date of trial. Appellee answered and admitted it was indebted to appellant for royalty oil from April 1, 1932, to June 30, 1933, in the sum of $494.86, but that during the period from May 6, 1929, to May 6, 1932, appellant had wrongfully abstracted from its fuel gas lines 43,-800,000 cubic feet of fuel gas of the value of $7,446 by means of a secret and concealed pipe connection. Its answer was made a cross-complaint and prayed judgment for said sum less the set-off. Subsequently, after appellant had filed a response to the cross-complaint, denying said allegations and accusing appellee of stealing his gas, a substituted answer and cross-complaint was filed, seeking a discovery and accounting of, and for the amount of gas so wrongfully taken by appellant from its fuel gas line, alleging that the definite period of time during which it was so taken, and the actual amount so taken were not known to it but were known to appellant, and that he should be required to make disclosure thereof; that it involved a long, tedious accounting, with much testimony on disputed values, gas pressures, measurements, etc., which would require a master in chancery. Prayer was for transfer to equity and for judgment on its cross-complaint. Transfer was ordered,

and appellant on January 8, 1934, appeared and moved without success to remand. At the close of the trial it was stipulated that the amount of royalty accruing to appellant, including October, 1934, amounted to $1,126.29.

After hearing the evidence, the court found that appellee owed appellant the amount stipulated, $1,126.29, but that the latter owed the former $4,106.47 for fuel gas wrongfully taken and appropriated over the period from May 5, 1929, to May 6, 1932, and rendered judgment in appellee's favor for the difference, $2,980.18 and costs. Appellant's claim for stolen gas against appellee was found to be not sustained, and was dismissed as being without equity. The case is here on appeal.

Appellant's first contention for reversal is that because the suit was brought in the first instance by him in the circuit court, and because appellee filed an answer and cross-complaint therein without any motion to transfer, this constituted an election to try the case in the circuit court, and that court had the exclusive jurisdiction thereof. The second contention relates to the same subject-matter, and that is, that equity had no jurisdiction of the issues involved in this case. We think appellant is wrong in both contentions.

Section 1041 of Crawford & Moses' Digest provides: "An error of the plaintiff as to the kind of proceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings by an amendment in the pleadings and a transfer of the action to the proper docket."

Section 1044 provides: "The defendant shall be entitled to have the correction made * * * when the action has been commenced by proceedings at law, the defendant, by motion made at or before the filing of his answer, may have them changed into equitable proceedings when it appears that, by the provisions of § 1034, the plaintiff should have adopted the proceedings in equity."

Section 1045 provides: "Where the action has been properly commenced by proceedings at law, either party shall have the right, by motion, to have any issue which heretofore was exclusively cognizable in chancery tried in the manner hereinafter prescribed in cases of equit-

able proceedings; and if all the issues are such as heretofore were cognizable in chancery, though none were exclusively so, the defendant shall have the right to have them all tried as in cases of proceedings in equity.''

While the appellee did file an answer and cross-complaint without moving to transfer to equity, by permission of the court this answer and cross-complaint were withdrawn, and a substituted answer and cross-complaint filed in which equitable defenses were set up and equitable rights claimed, both the right of discovery and accounting, and a motion to transfer was made and allowed. As said by this court in *Daniel* v. *Garner,* 71 Ark. 484, 76 S. W. 1063: ''Under the statutes of this State a defendant, when sued at law, must make all the defenses he has, both legal and equitable. If any of his defenses are exclusively cognizable in equity, he is entitled to have them tried as in equitable proceedings, and for this purpose to a transfer of the case to the equity docket or chancery court as the case may be.'' This case on this point has been many times cited and followed, one of the late cases so cited being *Bowers* v. *Rightsell,* 173 Ark. 788, 294 S. W. 21. See also *Wright* v. *Lake,* 178 Ark. 1184, 13 S. W. (2d) 826. As to the jurisdiction of equity in the first instance, it appears from the complaint that appellant sued for the value of royalty oil accruing to him from April 1, 1932, to the 1st day of ........................................., 1933. The complaint was filed June 12, 1933. He asked judgment for $800. It is manifest from the complaint that the action might well have been brought in the first instance in the chancery court upon an allegation that appellee was indebted to him for royalty oil run during such period, the amount of which he did not know, and that an accounting would be necessary to determine the amount thereof. In the answer and cross-complaint upon which the case went to trial, an equitable action by way of cross-complaint was stated against appellant, in that he had for a long period of time, the exact duration being unknown to appellee, wrongfully taken fuel gas from the pipe lines of appellee and diverted it to his own use in large quantities, the exact amount being unknown to it, but was known to

appellant, and it was prayed that he be required to disclose the amount thereof; that this matter involved an accounting for the quantity and value of gas taken. These allegations stated a cause of action cognizable in a court of equity, and the court did not err in transferring the case from law to equity, and the chancery court did not err in refusing to remand upon appellant's motion. *McClintock* v. *Thweatt,* 71 Ark. 323, 73 S. W. 1093; *Goodrum* v. *Merchants' & Planters' Bank,* 102 Ark. 326, 144 S. W. 198; *Ferguson* v. *Rogers,* 129 Ark. 197, 195 S. W. 22; *Bowers* v. *Rightsell,* 173 Ark. 788, 294 S. W. 21; *Meriwether* v. *Dubose,* 186 Ark. 743, 55 S. W. (2d) 937.

Appellant cites and relies upon *United States* v. *Bitter Root Development Co.,* 200 U. S. 451, 50 L. ed. 550, to support his contention that equity has no jurisdiction, and *District 21, United Mine Workers* v. *Bourland,* 169 Ark. 796, 277 S. W. 546. As we view these cases, the rights sought to be enforced therein in a court of equity were purely legal. The actions were brought in a court of equity to recover damages where the damages were plainly ascertainable. In the former, timber had been cut and stolen. The stumps were there and the amount of damages claimed was easily ascertainable. No accounting was involved. The same thing is true in the latter case. Here however the means of determining the amount of gas taken were not available to appellee except through appellant or collateral sources. We cannot agree that these cases throw any light on the question now before us. We are of the opinion that equity had jurisdiction.

It is next insisted that, even though equity did have jurisdiction, there is no proof in the record as to the quantity or the amount of gas stolen by appellant from appellee. We cannot agree with appellants in this contention. Without detailing the evidence we are of the opinion that the great preponderance thereof shows that for a period of three years or more prior to May 6, 1932, the appellant kept a secret connection between his fuel line and that of appellee, at a point where the two lines were only a few feet apart, through which he took appellee's fuel gas for use, and did use in the operation of five or six

wells on his leases, and for operating a large boiler and heater at his oil treating plant thereon. It shows that prior thereto appellant had a paid-for connection with appellee's gas line on two occasions, one in 1925 and one early in 1929; that during the three-year period prior to March 6, 1932, he kept his wells in operation as well as his oil treating plant by the use of gas; that when the secret connection was discovered and disconnected, all his operations immediately shut down and remained so for a considerable period of time. Witnesses testified as to the amount of gas required to operate the engines at his wells and at his oil treating plant each twenty-four hours, and it is shown that if such wells and plant were operating continuously over a period of three years the consumption would have been many times greater than that found by the court. We therefore conclude that the court's finding as to the amount of gas consumed was not only not against the preponderance of the evidence but was supported by it.

It is finally insisted that, even if we should find that equity had jurisdiction, and that appellee had established within reasonable certainty the amount of gas stolen by appellant, the chancery court did not and could not grant any relief because this is a controversy between two thieves, and that the court should leave them where it found them. But such is not the controversy. While appellant alleged that appellee had stolen his gas from his gas line, such allegation was abandoned or withdrawn, and there is no proof in the record to support it, even if not abandoned. Appellant is in no position to invoke the rule contended for. We find no error, and the decree is accordingly affirmed.